**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

CAROL G. KERTZ,

    Plaintiff,

v.                                                  Case No:  2:12-cv-22-FtM-29SPC

USA,

    Defendant.

_____/

## JOINT STIPULATED CONFIDENTIALITY ORDER

       IT IS HEREBY STIPULATED AND AGREED by and among counsel for the parties, and subject to the approval of the Court, that this Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Stipulation and Order") shall govern the handling of documents relating to Engineering Systems Inc. ("ESI") business operations, clients, and related financial data (such information or material hereinafter referred to as "Discovery Material") in the above-captioned action (the "Litigation").

       1.    When providing information or material to any party in connection with this Litigation ESI may designate Discovery Material as "Confidential" in the manner and subject to the terms and conditions set forth in this Stipulation and Order. The confidentiality of any information so designated, whether such information is provided orally, by a document, or otherwise, shall be maintained and shall not be disclosed to any person or entity, except as set forth herein.

       2.    ESI may designate Discovery Material as "Confidential" if containing non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Stipulation and Order. Discovery Material shall presumptively qualify as

"Confidential" if relating to: financial, accounting, or tax information, trade secrets, or other commercially sensitive proprietary information.

3. Notwithstanding the foregoing, "Confidential" Discovery Material shall not mean information or documents produced or disclosed that are, or subsequently become, publicly available or a matter of public record through means unrelated to the production or disclosure in this Litigation and do not constitute a violation of the terms of this Stipulation and Order.

4. Confidential Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation or adversarial proceeding.

5. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made, by affixing the legend "Confidential" to each page containing any Confidential or Highly Confidential information; provided, however, that the failure to designate a document as "Confidential" does not constitute a waiver of such claim.

6. Except as specifically provided for in this Stipulation and Order or in a subsequent order of the Court, Discovery Material designated "Confidential" shall not be revealed, disclosed, summarized, described, characterized, or otherwise made known to persons, directly or indirectly, other than the following:

    (a) Outside counsel for any party in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

    (b) In-house counsel for any party and their regular staff assisting in the Litigation;

(c) Experts or consultants assisting counsel (together with their staff) to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Litigation; provided, however, that such experts or consultants are not currently advising or currently contemplating advising any direct business competitors of, or actual party to any transaction or business relationship with, the party that designated the Discovery Material as "Confidential"; and provided further that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated "Confidential";

(d) Subject to and in accordance with Paragraph 11 below, witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in this Litigation; provided, however, that no copies or notes relating to the Confidential Discovery Material shall be made; and provided further that such witnesses or deponents are not currently employed by or advising or currently contemplating becoming employed by or advising any direct business competitor of the party that designated the Discovery Material as "Confidential";

(e) The parties, and directors, officers, employees and general or limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting counsel in this Litigation, or who appear as witnesses or deponents;

(f) Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document; and

    (g)    The Court, persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom.

    9.    Every person given access to Confidential Discovery Material, or information derived therefrom, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms of this Stipulation and Order.

    10.    Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential". The party receiving such supplemental written notice shall thereafter mark and treat materials so designated as "Confidential," as the case may be, and such materials shall be fully subject to this Stipulation and Order as if they had been initially so designated.

    11.    In the event an additional party or parties join or are joined in this Litigation, such party or parties shall not have access to Confidential Discovery Material until counsel for each newly joined party has executed a Confidentiality Undertaking, evidencing the newly joined party's intent to be bound by this Stipulation and Order, which, at the request of any party, may be filed with the Court.

    12.    The parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

13. The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulation and Order, to control duplication of, access to, and distribution of copies of Discovery Material designated as "Confidential."

14. Upon final termination of this proceeding, including exhaustion of all appellate remedies, a party in the possession of Confidential Discovery Material, other than that which is contained in pleadings, correspondence and deposition transcripts, shall destroy such documents within thirty (30) days.

15. This Stipulation and Order may be executed by electronic signature and may be executed in one or more counterparts, each of which shall be deemed to constitute an original, and all of which together shall constitute but one agreement.

**DONE and ORDERED** at Fort Myers, Florida this  27th  day of November, 2012

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record