UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROL G. KERTZ,

        Plaintiff,

vs.                      Case No.  2:12-cv-22-FtM-29SPC

UNITED STATES OF AMERICA,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on The United States of America's Dispositive Motion for Summary Judgment (Doc. #37) filed on February 28, 2013.  Plaintiff filed a response on March 14, 2013.  (Doc. #39.)  For the reasons set forth below, the motion is denied.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  <u>Id.</u>

The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories,

admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Rice-Lamar v. City of Fort Lauderdale</u>, 232 F.3d 836, 840 (11th Cir. 2000). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 322; <u>Hilburn v. Murata Elecs. N. Am., Inc.</u>, 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party. <u>Johnson v. Booker T. Washington Broad. Serv., Inc.</u>, 234 F.3d 501, 507 (11th Cir. 2000); <u>Jaques v. Kendrick</u>, 43 F.3d 628, 630 (11th Cir. 1995). The Court does not weigh conflicting evidence or make credibility determinations. <u>Hilburn v. Murata Elecs. N. Am., Inc.</u>, 181 F.3d at 1225. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." <u>Tullius v. Albright</u>, 240 F.3d 1317, 1320 (11th Cir. 2001)(citing <u>Clemons v. Dougherty Cnty.</u>, 684 F.2d 1365, 1369 (11th Cir. 1982)). However, "[t]he mere

existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003).

## II.

The following facts are undisputed and taken in the light most favorable to the plaintiff, the non-moving party:

On December 1, 2010, during her lunch break, plaintiff Carol G. Kertz (Kertz or plaintiff) visited the United States Post Office located at 1200 Goodlette Road in Naples, Florida.  She parked in either the second or third parking space to the left of the pedestrian ramp.  After mailing her package, Kertz proceeded back to her car and stepped down from the curb over a concrete parking block painted in "caution yellow" as she searched through her purse.  Unbeknownst to plaintiff, a piece of rebar was exposed from the concrete parking block.  Plaintiff tripped over the rebar and sustained severe injuries.  As a result, Kertz filed an Amended Complaint against the United States of America (government or defendant) asserting a claim for negligence arising from defendant's alleged breach of the duty to maintain the premises and failure to warn.  (Doc. #33.)

## III.

Because the United States of America is a named defendant, plaintiff's claim can only be advanced under the Federal Tort

Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*[1]  The FTCA gives the district courts exclusive jurisdiction over civil actions against the United States for personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance of the law of the place where the act or omission occured."  28 U.S.C. § 1346(b)(1).  The parties agree, and the law is clear, that Kertz's negligence claim under the FTCA is governed by Florida law because the alleged tortious act took place in Florida.  See, e.g. Stevens v. Battelle Memorial Institute, 488 F.3d 896, 899 n.3 (11th Cir. 2007) ("[l]iability in an FTCA action is determined in accordance with the law of the place where the government's act or omission occurred"); Miles v. Naval Aviation Museum Foundation, Inc., 289 F.3d 715, 722 (11th Cir.  2002) ("The FTCA creates liability for the United States only if the act at issue is a tort in the state where the conduct occurred."); Kelly v. Serna, 87 F.3d 1235, 1240 (11th Cir. 1996) ("Under the Federal Tort Claims Act (FTCA), state law determines the liability of an individual defendant.").

Under Florida law, a premises owner owes two duties to a business invitee: "(1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of

---

[1]For this same reason, this matter is set for a bench trial.

perils that were known or should have been known to the owner and of which the invitee could not discover." Delgado v. Laundromax, Inc., 65 So. 3d 1087 (Fla. 3rd DCA 2011).[2]   The Amended Complaint alleges that the government breached both of these duties.   The Government seeks summary judgment on the following bases: (a) the defendant did not have actual or constructive notice of the injury causing condition; (b) there is no evidence defendant breached its duty to maintain the premises; and (c) the exposed rebar was not a hidden dangerous condition.   Plaintiff argues to the contrary.

## A.  Actual or Constructive Knowledge

The government argues that there is no evidence that it had actual or constructive notice of the exposed rebar.   Specifically, the government avers that there is no evidence as to how long the rebar had been exposed and therefore plaintiff cannot demonstrate any form of notice.   In addition, the government asserts that it had an "extremely diligent inspection procedure" which negates any constructive knowledge because it demonstrates that the United States Post Office exercised reasonable care to look for, and to discover, dangerous conditions.  (Doc. #37, p. 16.)  The inspection procedure provided that three separate postal employees inspected the parking lot every day.  First, Edward McCall (McCall), a Naples Post Office custodian, would inspect the parking lot between six

---

[2]The parties do not dispute that defendant is a premises owner and that Kertz is a business invitee.

o'clock and seven-thirty in the morning.      Later in the morning, but before the post office opened, the Post Master, Richard Barber (Postmaster Barber), performs a visual inspection of the facility, including the parking lot.  In the afternoon, maintenance custodian Lyndal Coyler (Coyler) performs a parking lot inspection. Defendant argues that this inspection procedure occurred the day prior to, and the day of, plaintiff's accident.  (Id. at pp. 16-17.)  Plaintiff argues to the contrary.

A slip-and fall case in Florida requires either actual or constructive knowledge of the condition causing the slip and fall. Florida statute 768.0755 (2010)[3] provides that:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.  Constructive knowledge may be proven by circumstantial evidence showing that:
>
>> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>>
>> (b) The condition occurred with regularity and was therefore forseeable.
>
> (2) This section does not affect any common-law duty of care owed by a person or entity in possession of control of a business premises.

_____

[3]This statute became effective on July 1, 2010, and thus was the applicable statute on the date of the accident, December 1, 2010.

The Court agrees with defendant that plaintiff has failed to put forth any evidence that defendant had actual knowledge that the rebar that caused Kertz to fall had become exposed.  Other than plaintiff's conclusory allegation that defendant has had actual knowledge for "literally decades", "the last 20 or 30 years", and "at least 20 years" (doc. #37, pp. 9, 12),  plaintiff provides no evidence that any member of the United States Post Office had seen the exposed rebar that caused Kertz to fall prior to her accident.  The Court finds, however, that Kertz has provided sufficient evidence that raises a genuine issue of material fact as to whether defendant had constructive knowledge of the condition.

The record does not conclusively demonstrate that the government exercised ordinary care through its inspection procedure.  There are several factual ambiguities as to whether an inspection procedure existed at the time of plaintiff's accident and whether or not the inspection procedure was carried out as the government suggests.  No party asserts that the Naples Post Office had a written inspection policy for three daily inspections of the parking lot.  To the extent an unwritten policy existed for three daily inspections, plaintiff has provided evidence which suggests that this policy was not put into place until December 1, 2010, the date plaintiff fell.[4]   This calls into question whether the

_____

[4]For example, Coyler testified during deposition that it was sometime after December 1, 2010, that there was a policy for him to (continued...)

parking lot was inspected by Coyler the afternoon before
plaintiff's fall as defendant suggests.

The government produced a daily inspection log by Postmaster
Richard Barber as evidence of the daily inspection procedure.
(Doc. #39-9, p. 2.)   This, too, does not demonstrate that any
inspections occurred prior to December 1, 2010, as the inspection
log covers only the month of December 2010.   Further, the log
demonstrates only that Barber inspected the "exterior buildings and
parking lot" on December 1, 2010, at 9:15[5] in the morning, prior to
Kert'z fall and 2:00 in the afternoon, after Kertz's fall.   The
parking log does not provide the signatures of either McCall or
Colyer or otherwise suggest that a three person (or three time per
day) inspection procedure was in place on the date of the accident
or on any other given day as the government asserts.

Given the evidence before the Court, there are genuine issues
of disputed material facts which preclude a finding that the post
office exercised ordinary care through an inspection procedure and
therefore lacked constructive knowledge.   Summary judgment on this
basis is denied.

---

[4](...continued)
inspect the parking lot, though he suggests that Postmaster Barber
conducted his inspections prior to that date.  (Doc. #39-12, pp. 4-
6, Colyer Dep., p. 8, lines 21-25, p. 9-10).

[5]The government asserts that the Postmaster made his
inspection on the morning of December 1, 2010, at 8:15 in the
morning.  (Doc. #37, p. 8.)  The Court assumes that this is a
typographical error.

**B.   Breach of Duty to Maintain**

The government also asserts that summary judgment should be granted in its favor because there is no evidence that the government breached its duty to maintain the premises.   In particular, the government asserts that it had an adequate inspection policy in place and there is no evidence of any constructive knowledge on behalf of the defendant.   For the reasons set forth in subsection II A, above, summary judgment on this basis is denied.

**C.   Hidden Danger**

Finally, the government asserts that summary judgment is due to be granted because the exposed rebar was so "open and obvious" that it owed no duty to Kertz.[6]   In particular, the government asserts that the cement parking block was painted "safety yellow" and the rebar was a dark brown.   This contrast in colors made the condition readily apparent.   Furthermore, the government asserts that plaintiff was not in a designated walking area, and therefore defendant is not liable.   Plaintiff disagrees.

**1.   Open and Obvious**

Preliminarily, the Court notes that "[c]ase law consistently recognizes that the fact that a danger is open and obvious may operate to discharge a landowner's duty to warn, but it does not

---

[6]The government does not specify if the duty relates to the duty to maintain, duty to warn, or both.  The Court will proceed as if this argument applies to both duties.

discharge the duty to maintain the property in a reasonably safe condition." Lomack v. Mowrey, 14 So. 3d 1090, 1092 (Fla. 1st DCA 2009)(citing Fieldhouse v. Tam Inv. Co., 959 So. 2d 1214,1216 (Fla. 4th DCA 2007); Miller v. Slabuagh, 909 So. 2d 588, 589 (Fla. 2d DCA 2005); Aaron v. Palatka Mall, L.L.C., 908 So. 2d 574, 577 (Fla. 5th DCA 2005); Lynch v. Brown, 489 So. 2d 65, 66 (Fla. 1st DCA 1986); Pittman v. Volusia Cnty., 380 So. 2d 1192, 1193-94 (Fla. 5th DCA 1980)). "A plaintiff's awareness of a dangerous condition does not negate a defendant's potential liability for negligence in allowing the dangerous condition to exist; it may be relevant, however, to a determination of comparative negligence." Burton v. MDC PGA Plaza Corp., 78 So. 3d 732, 734 (Fla. 4th DCA 2012).

For example, in Burton, the plaintiff was unloading trucks in the parking lot of a convenience store. The plaintiff noticed a nearby pothole and even informed her co-workers and management of the pothole and urged them to take caution. A week later, she was seriously injured when she stepped into the pothole, tripped, and fell on the ground. The Florida Court of Appeals reversed a district court's order granting summary judgment and noted that "the courts generally agree that the open and obvious danger doctrine does not apply when negligence is predicated on breach of the duty to maintain the premises in a reasonably safe condition." Id. citing Aaron v. Palatka Mall, L.L.C., 908 So. 2d 574 (Fla. 5th DCA 2005). The Court concluded that the trial court erred in

granting summary judgment because "[u]nder well-established Florida law, the defendants' duty to maintain the premises in a reasonably safe condition was not discharged by the plaintiff's knowledge of the pothole before she fell. Her knowledge merely raised an issue of fact as to her own comparative negligence." Id. at 735. Thus, to the extent that the government seeks summary judgment that it did not breach the duty to maintain the premises because the condition was so "open and obvious", the request is denied.

With respect to the duty to warn, the Court finds that the record does not conclusively demonstrate that the condition was "open and obvious". The Court is not persuaded by the government's proposition that Perkins v. United States, 1999 WL 148442 (E.D. La. Mar. 17, 1999) stands for the proposition that exposed rebar in a cement parking block constitutes an "open and obvious" danger as a matter of law.[7] In Perkins, the plaintiff's car was damaged when it hit rebar protruding two and a half inches from a cement parking block. The Court relied on several factors in making its determination, including the fact that the plaintiff's vehicle was unusually low. The Court did not find that exposed rebar always constitutes an "open and obvious danger" and the Court declines to make such a finding here.

---

[7]The Court also notes that this case is an Eastern District of Louisiana case in which the court applied Louisiana law. Thus, this decision is not binding on the Court.

The Court is also not persuaded that plaintiff's statements that nothing blocked her view of the cement parking block necessitates a finding that she should have seen the rebar.  First, the issue is not whether her view of the parking block was obstructed, but rather, whether her view of the rebar was obstructed.  Plaintiff testified that although she could see the parking block, she did not see the rebar.  (Doc. #37-1, p. 8.)  Further, plaintiff's expert states that "[t]he wheel stops[8] are painted yellow warning color.  The stem of the subject steel retaining bar is also yellow.  The top of the bar is dark making it blend in with the hole in the top of the wheel stop.  These features make it difficult to see the elevated bar."  (Doc. #39-15, p. 12.)  This raises genuine issues of material fact as to whether the condition was open and obvious.

Finally, the government asserts that a review of a photograph of the exposed rebar demonstrates that the condition was open and obvious.  (See Doc. #37-5, p.2.)  The Court disagrees.  Not only is the photograph low quality, rendering it difficult for the Court to determine if the contrast is color is as obvious as the defendant suggests, the photograph is not taken from the perspective of a pedestrian traversing over the cement parking block while exiting the Post Office.  Instead, the photograph reflects the view of a

---

[8]Plaintiff's expert refers to the cement parking blocks as "wheel stops."

person facing the Naples Post Office as if to enter the facility, and also appears to be taken from ground level.  Thus, this photograph does little to suggest that the exposed rebar would be "open and obvious" to Kertz or any other upright patron of the Naples Post Office.[9]  Summary judgment on this basis is denied.

### 2.  Designated Walking Area

The Court is also not persuaded that the government escapes liability because plaintiff was not walking in a "designated walking area."   The government argues that the walking ramp, depicted in Exhibit B (Doc. #37-2, p. 2), was the designated walking area and by stepping from the curb over the cement parking block, plaintiff was outside of a designated walking area.  The photograph provided by the government fails to demonstrate that plaintiff was walking in a prohibited area.  Not only does the photograph lack any indication of any signs stating that the ramp is the only area for walking, the photograph clearly depicts a sidewalk on either side of the walking ramp from which plaintiff stepped down to step over the cement parking spot.  Nor has the government provided any evidence or case law that a parking space is not an area designated for walking.  Further, everyday experience demonstrates that a person must walk in a parking space to either enter or exit a vehicle.

---

[9]Indeed, the deposition of Matt Sutter, an eyewitness, suggests that he also could not see the exposed rebar.  (Doc. #39-4, p.3.)

The cases cited by the government are not persuasive.  Each case cited by defendant finds that a planting bed is not a designated walking area.  See Dampier v. Morgan Tire & Auto, LLC, 82 So. 3d 204 (2012); City of Melbourne v. Dunn, 841 So. 2d 504, 505 (Fla 5th DCA 2003).  Here, there are no allegations that Kertz was walking in a planting bed.  Further, the rationale in these cases focused on the defendant's ability to anticipate that a plaintiff would walk into a particular aria.  For example, in Dampier the court found "[t]he city had no reason to suspect that a grown woman would consider the planter an exit path, or use it to perform a sort of tightrope act, instead of proceeding to the parking lot by simply walking around it along the adjacent path." Dampier, 82 So. 3d at 208.  Here, there is nothing atypical about a patron stepping down from the curb over a cement parking spot to enter a parking lot such that the defendant would have no reason to suspect a patron would act in such a manner.  Summary judgment on this basis is denied.

Accordingly, it is now

**ORDERED**:

The United States of America's Dispositive Motion for Summary Judgment (Doc. #37) is **GRANTED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of April, 2013.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies: Counsel of record

-14-